**BOYDEN GRAY & ASSOCIATES PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

July 14, 2023

*By Electronic Filing*

Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106-1790

**Re: Allegations of Enforcement Threats in *Intra-National Home Care, LLC v. U.S. Department of Labor* (No. 22-2628)**

Dear Judges Phipps, McKee, and Rendell:

I am writing in response to the invitation at oral argument to submit a Rule 28(j) letter addressing the portions of the record responsive to Judge Rendell's questions about the Department of Labor's threats of enforcement against Plaintiffs-Appellants.

The Amended Complaint alleges that, starting in "September 2019, the DOL has … unleash[ed] a prosecutorial campaign against Plaintiffs and other third party agencies …. seek[ing] enormous amounts in overtime wages and penalties." Amended Complaint ¶ 75 (JA-054); *see also id.* ¶¶ 14 (JA-042) & 76–77 (JA-054–55). The Labor Department's investigations into Plaintiffs are detailed in paragraphs 103–10 (JA-061–62).[1] It is thus undisputed that Plaintiffs "filed suit in anticipation of enforcement actions" arising from the then-ongoing "investigation [of Plaintiffs] by the Department of Labor for past violations of" the 2013 rule. Opposition Br. at 13.

These record citations matter because they demonstrate the existence of (1) new potential liabilities; and (2) an imminent threat of enforcement. This created new rights of action for declaratory relief for all three Plaintiffs. That Intra-National and Americare may have "had *some* right of action to remedy *some* legal wrong" when the rule was published is irrelevant since "things changed" when the investigations began: they "could not have had *this* right of action to remedy *this* legal wrong" in

---

[1] The Amended Complaint notes that the Labor Department filed an enforcement action against Agewell on January 26, 2021. Amended Compl. ¶ 108 (JA-061). Agewell filed its original complaint months before, on November 13, 2020. *See* No. 2:20-cv-1773, Dkt. 1 (consolidated with *Intra-National* on December 11, 2020, *see* JA-007 n.1).

2013. *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813, 820 (6th Cir. 2015). The word "first" in Section 2401(a) modifies "accrues," *not* "right of action." *Compare* "after the right of action <u>first accrues</u>" *with* "after <u>the first right of action</u> accrues."

The record therefore supports reversal as to all Plaintiffs. Finally, even if the Court were to conclude that more detailed allegations were necessary, Plaintiffs respectfully submit that they should be given leave to amend.

Dated: July 14, 2023            Respectfully submitted,

*s/ Michael B. Buschbacher* (DC Bar # 1048432)[2]
MICHAEL B. BUSCHBACHER
BOYDEN GRAY & ASSOCIATES PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
buschbacher@boydengrayassociates.com

BRUCE C. FOX
OBERMAYER, REBMAN,
MAXWELL & HIPPEL LLP
525 William Penn Place,
Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com

---

[2] This brief complies with the type-volume limitation of the Federal Rule of Appellate Procedure 28(j) because it contains 347 words. The undersigned certifies that this letter will be served on all counsel via CM/ECF.