

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
202-514-1673

VIA CM/ECF

July 17, 2023

Ms. Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

        RE:   *Intra-National Homecare LLC v. U.S. Dep't of Labor,* No. 22-2628 (3d Cir.) (argued July 13, 2023).

Dear Ms. Dodszuweit:

     We respectfully respond pursuant to Federal Rule of Appellate Procedure 28(j) to the appellants' letter of July 14, 2023. We agree that the plaintiff companies were under investigation by the Department of Labor for alleged violations of the Fair Labor Standards Act (FLSA) when their complaints were filed. The disputed issue is whether the Department's standard enforcement actions to investigate alleged FLSA violations—which typically are prompted by employee complaints or industry audits—are "final agency action" that can be challenged in an affirmative suit under the Administrative Procedure Act, 5 U.S.C. § 704. For the reasons set out in our prior submissions, they are not.

     The only final agency action challenged in plaintiffs' consolidated complaint was the publication in 2013 of the Department's rule concerning exemptions for employees who provide companionship or live-in domestic services. That rule was challenged by regulated entities within the six-year limitations period, and it was upheld on the merits. *See Home Care Ass'n of Am. v. Weil,* 799 F.3d 1084 (D.C. Cir. 2015), *cert. denied,* 579 U.S. 927 (2016). Plaintiffs' analogous facial challenge to the rule "first accrue[d]," 28 U.S.C. § 2401(a), upon the rule's promulgation. Neither plaintiffs' alleged deliberate failure to pay overtime to their employees in violation of the FLSA, nor the Department's investigation of those violations is final agency action.

Sincerely,

s/ *David L. Peters*
David L. Peters
U.S. Department of Justice
Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record