# BOYDEN GRAY PLLC
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

September 25, 2023

*By Electronic Filing*

Office of the Clerk
United States Court of Appeals
For the Third Circuit
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106-1790

**Re:** *Intra-National Homecare LLC v. U.S. Dep't of Labor,* No. 22-2628 (3d Cir.) (argued July 13, 2023)

Dear Ms. Dodszuweit:

The Government asserts that *Linney's Pizza, LLC v. Board of Governors of the Federal Reserve System*, "confirms that plaintiffs' reliance on the Sixth Circuit's decision in *Herr*… is misplaced" because plaintiffs' "facial claim" "is different than the Herrs as-applied challenge."

This argument fails on its own terms. As explained at argument, plaintiffs' "situation is the same as [in] *Herr*." Tr.7:25–8:1. In both, the parties faced a "new potential liability and a threat of enforcement" that occurred less than six years prior to suit. Tr.5:2–3. In *Linney's Pizza*, by contrast, the government was "not threatening an enforcement action, nor [were] enforcement proceedings ongoing." 2023 WL 6050569 at *6 ("[*Herr*] is an as-applied challenge because it was levied against an enforcement action brought against the plaintiffs."). *Linney's Pizza* thus confirms that this challenge is "as applied" even under the government's own test.[1]

To be sure, the distinction between "facial" and "as-applied" challenges is irrelevant here. *Linney's Pizza*'s conclusion that a plaintiff's claim can "accrue" before that plaintiff existed, *id.* at *7, is nonsensical. The word "first" modifies "accrues," *not* "right of action." Section 2401(a) says "after the right of action <u>first accrues</u>" *not* "after <u>the first right of action</u> accrues." As *Herr* explained, what matters is when "*this* right of action to remedy *this* legal wrong" accrued to *this* plaintiff. 803 F.3d at 820.

Like the out-of-circuit decisions it relies on, *Linney's Pizza* ignores Section 2401(a)'s text in favor of policy considerations. But an unpublished district court opinion cannot change what Congress wrote. Since Section 2401(a) "never mentions" a different rule for facial challenges, there is "no statutory basis to impose it." *Sackett v. EPA*, 143 S. Ct. 1322, 1342 (2023). And *Linney's Pizza*'s

---

[1] The letter threatening enforcement in *Herr* was not final agency action. Thus, in characterizing *Herr* as an "as applied" challenge, the government appears to have abandoned its earlier position that "as applied" challenges arise only when there is a challenge to new final agency action.

1

conclusion thus "contradicts the text of the statute and Supreme Court precedent to boot." *Herr*, 803 F.3d at 819.

Dated: September 25, 2023

Respectfully submitted,

*s/ Michael B. Buschbacher* (DC Bar # 1048432)
MICHAEL B. BUSCHBACHER
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

BRUCE C. FOX
OBERMAYER, REBMAN,
MAXWELL & HIPPEL LLP
525 William Penn Place,
Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com