**BOYDEN GRAY PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

October 2, 2023

*By Electronic Filing*

Office of the Clerk
United States Court of Appeals
For the Third Circuit
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106-1790

**Re:** *Intra-National Homecare LLC v. U.S. Dep't of Labor,* No. 22-2628 (3d Cir.) (argued July 13, 2023)

Dear Ms. Dodszuweit:

The government points out that the Supreme Court's decision in *Corner Post* is "likely to substantially inform this Court's decision on the statute of limitations issue raised in this case." By implication, the government invites this Court to wait and see.

The Court should not wait. Plaintiffs brought this case in the fall of 2020 to challenge the Department's 2013 Rule. Many months later, the Department brought enforcement actions against all plaintiffs. Opening Br. 6. Unlike this pre-enforcement action, the enforcement actions are proceeding apace. Dispositive motions are due this month in two of the actions. And the district court in one of the cases has refused a stay unless this Court reverses the untimeliness ruling at issue in this appeal. *See* Doc. 106, No. 21-cv-1391 (W.D. Pa). As things stand, therefore, a district court may enter an adverse monetary judgment against some or all plaintiffs well before the Supreme Court decides *Corner Post*.

This would significantly prejudice plaintiffs' rights. Based on the crippling damages sought by the government, plaintiffs—marginal businesses that service refugees—do not expect to be financially able to post a bond to secure a stay of enforcement pending appeal. Fed. R. Civ. P. 62. Therefore, unless plaintiffs are able to proceed with their pre-enforcement action first, they will likely become insolvent, denying them a chance to challenge the validity of the rule on appeal in any proceeding.

Because waiting would significantly prejudice plaintiffs, the Court should not wait and see.[1] If the Court decides to hold this case in abeyance, then it should notify plaintiffs by entering a notice to that effect.

The government "takes no position on plaintiffs' request and defers to the Third Circuit as to whether abeyance is appropriate in this case."

---

[1] In *Corner Post*, the United States argued in opposing certiorari that there is no circuit split. U.S. Opp.Br. 17–21. If that is so, then the grant in *Corner Post* suggests the Supreme Court will likely reverse. The Supreme Court grants to reverse inferior courts in most cases, and that is particularly true when there is no well-defined circuit split.

1

Dated: October 2, 2023  Respectfully submitted,

<u>*s/ Michael B. Buschbacher*</u> (DC Bar # 1048432)
MICHAEL B. BUSCHBACHER
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

BRUCE C. FOX
OBERMAYER, REBMAN,
MAXWELL & HIPPEL LLP
525 William Penn Place,
Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com