

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
202-514-1673

VIA CM/ECF

July 2, 2024

Ms. Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:   *Intra-National Homecare LLC v. U.S. Dep't of Labor,* No. 22-2628 (3d Cir.) (argued July 13, 2023)

Dear Ms. Dodszuweit:

      Pursuant to the Court's December 4, 2023 order, we are addressing the impact of the decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. --, 2024 WL 3237691 (July 1, 2024), on this appeal. The Supreme Court held that for purposes of 28 U.S.C. § 2401(a)'s six-year statute of limitations for suits against the United States, a substantive APA claim accrues when the plaintiff is injured by final agency action. Thus, if this Court reaches the statute-of-limitations issue, it should hold that the challenges to the 2013 regulation brought by Intra-National and Americare are time-barred but the substantive challenge brought by Agewell is not. *See* Reply Br. 25 & n.6 (conceding that Intra-National and Americare were formed and first subject to the 2013 regulation more than six years before this action was filed).

      However, *Corner Post* does not resolve the threshold issue presented in this case, which is whether Agewell can maintain an affirmative suit challenging the 2013 regulation even though it is the subject of an enforcement action and was aware that it was under investigation when it brought this suit. In *Corner Post*, the Supreme Court noted that "[r]egulated parties may always assail a regulation as exceeding the agency's statutory authority in enforcement proceedings against them," but Corner Post was

not a regulated party and would "never be subject to enforcement actions in which it may challenge the rule's legality." *Id.* at *13 & 14 n.9 (cleaned up). Corner Post thus had "no other way to obtain meaningful review of" the challenged rule unless it could bring an affirmative suit. *Id.* at 14 n.9. Here, by contrast, all three plaintiffs are regulated entities and all three are the subject of pending enforcement actions.

      Finally, we note that *Corner Post* expressly did not decide whether the APA allows a district court to vacate agency rules. *See id.* at *6 n.2. Should this Court conclude that Agewell's affirmative suit may proceed, we preserve for remand all arguments that any relief should be party-specific (in addition to all merits arguments).

                                              Sincerely,

                                              s/ *Sarah J. Clark*
                                              Sarah J. Clark
                                              U.S. Department of Justice
                                              Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record