**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 22-2628

_____

INTRA-NATIONAL HOME CARE, LLC;
AMERICARE HOME HEALTHCARE SERVICES, LLC

v.

UNITED STATES DEPARTMENT OF LABOR;
SECRETARY UNITED STATES DEPARTMENT OF LABOR;
ADMINISTRATOR UNITED STATES DEPARTMENT OF
LABOR WAGE AND HOUR DIVISION

(W.D. Pa. No. 2-20-cv-01545)

AGEWELL HOME HELPERS, INC. d/b/a AGEWELL CAREGIVER SERVICE

v.

UNITED STATES DEPARTMENT OF LABOR;
SECRETARY UNITED STATES DEPARTMENT OF LABOR;
ADMINISTRATOR UNITED STATES DEPARTMENT OF
LABOR WAGE AND HOUR DIVISION

(W.D. Pa. No. 2-20-cv-01773)

Intra-National Home Care, LLC;
Americare Home Healthcare Services, LLC;
Agewell Home Helpers, Inc.,
           Appellants

_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court Nos. 2-20-cv-01545 & 2-20-cv-01773)
District Judge: Honorable W. Scott Hardy

_____

Argued: July 13, 2023

Before: PHIPPS, McKEE, RENDELL, Circuit Judges

(Opinion filed: September 6, 2024)


Jonathan Berry
Michael B. Buschbacher [**ARGUED**]
Boyden Gray
800 Connecticut Avenue NW, Suite 900
Washington, DC 20006

D. McArdle Booker
Bruce C. Fox
Andrew J. Horowitz
Obermayer Rebmann Maxwell & Hippel
525 William Penn Place
Suite 1710
Pittsburgh, PA 15219
    *Counsel for Appellants*

Sarah J. Clark
David Peters    [**ARGUED**]
United States Department of Justice
Civil Division, Room 7209
950 Pennsylvania Avenue NW
Washington, DC 20530
    *Counsel for Appellees*

_____

OPINION[*]
_____

RENDELL, *Circuit Judge*.

Plaintiffs-Appellants Intra-National Home Care, Americare Home Healthcare Services, and Agewell Home Helpers are third-party home care agencies providing in-home companionship and live-in assistance services. They brought a lawsuit under the Administrative Procedure Act ("APA") and the Declaratory Judgment Act asking that a 2013 Rule promulgated by the Department of Labor ("DOL"), which removes an exemption from federal wage and hour laws for home care workers, be set aside because, they contend, it is contrary to law and arbitrary and capricious.

The District Court dismissed the claims as untimely under the statute of limitations applicable to the APA, 28 U.S.C. § 2401(a), which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The District Court concluded that the right of action accrued when the Rule was promulgated in 2013. But, the District Court's reasoning has been explicitly overruled by the Supreme Court's recent decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. ___, 144 S. Ct. 2440 (2024). Even so, there are different ways of attacking an agency rule, and the statute

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of limitations may begin to run at different times depending on the type of attack, which can affect when the right of action first accrues. Looking at the attack leveled here—the amended complaint was filed after the agency initiated an enforcement proceeding against the Plaintiffs—we conclude that Plaintiffs' suit was timely. Thus, we will vacate the District Court's order and remand for further proceedings.

1. Background

The Fair Labor Standards Act ("FLSA") generally requires covered employers to pay a minimum hourly wage and overtime compensation. A 1974 amendment to the Act gave the Secretary of Labor authority to prescribe necessary rules and regulations. In 1974, Congress amended the FLSA to extend its protections to employees in domestic service, but also exempted certain categories of domestic workers, including companionship and live-in workers, from some of the regulations. In 1975, the DOL promulgated a regulation that exempted third-party agencies from the wage and hour requirements. Then, in 2013, the DOL revised the regulation codified at 29 C.F.R. § 552.109, eliminating the ability of third-party agencies to avail themselves of the exemption "(Rule 109"). The regulation was published in 2013 and went into effect in 2015.

In 2020, Plaintiffs learned that the DOL was investigating them for potential overtime violations premised on Rule 109. Plaintiffs brought suit challenging Rule 109 and in 2021, the DOL brought enforcement actions against the Plaintiffs in federal court, contending that Plaintiffs were violating the overtime regulations, seeking damages in excess of $387,444, with the prospect of injunctive relief against the principals of

Plaintiffs, as well.[1] Thereafter Plaintiffs amended their complaint, alleging that Rule 109 conflicts with the plain text of the FLSA and requesting a declaration exempting them from the overtime requirements under the Companionship Exemption, as well as a declaration that the revised regulation "is unlawful and unenforceable" because it was established in an unlawful, arbitrary, and capricious manner which violated the APA, § 702.[2]  App. 40-41.

The DOL sought to dismiss the claims for lack of subject matter jurisdiction and as untimely under the statute of limitations. Plaintiffs urged, however, that because a claim cannot accrue until a plaintiff has a right to sue, the statute of limitations could not begin to run until they came into existence, and, therefore, the cause of action "first accrued" for Americare in 2015, and for Agewell in 2016. Opening Br. 24. Therefore, their complaint in 2021 was within the six-year limitation period and was timely. [3]

The District Court found *Commw. of Pa. Dep't of Pub. Welfare v. HHS*, 101 F.3d 939 (3d Cir. 1996) to be controlling and held that that the six-year statute of limitations

---

[1] *Walsh v. Intra-National Home Care LLC*, No. 2:21-cv-1391 (W.D. Pa.); *Walsh v. Agewell Home Helpers, Inc.*, No. 2:21-cv-108 (W.D. Pa.); *Department of Labor v. Americare Healthcare Servs.*, LLC, No. 2:21-cv-5076 (S.D. Ohio).

[2] There were two other counts seeking declaratory relief which the Plaintiffs voluntarily withdrew before the District Court. The Plaintiffs then averred that they were withdrawing those claims *with* prejudice, thus granting us jurisdiction under *Erie Cnty. Retirees Ass'n v. Cnty. of Erie*, 220 F.3d 193, 201 (3d. Cir. 2000).

[3] Intra-National Home Care came into existence in 2013, so even under Plaintiffs' own legal theory, its claim was properly dismissed.

5

period began to run for the Plaintiffs when the regulation was promulgated in 2013. Thus, the District Court determined that the Plaintiffs' challenges were untimely under 28 U.S.C. § 2401(a). The District Court rejected Plaintiffs' attempt to reset the limitations period because it "conflate[d] facial and as-applied challenges to administrative regulations," and they had "identif[ied] no controlling authority to support these novel arguments, which, if adopted, would vitiate the statute of limitations here." App. 16-18.

The District Court thus granted the DOL's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and characterized Plaintiffs' claims as "Plaintiffs' pre-enforcement facial challenges," App. 14-15, rendering no opinion as to the substance of such claims, and pointing out that "[a]ny such as-applied challenges to 29 C.F.R. § 552.109 may be asserted by Plaintiffs as a defense to their currently pending enforcement actions to the extent it is otherwise permitted by law and applicable rules of court."[4] App. 18-19.

---

[4] We note that the District Court and caselaw in this area use terms such as "facial," "as applied," and "procedural" challenges. We choose not to use those terms, especially "as applied," because the classic as applied challenge concedes the constitutionality or validity of the regulation but challenges application to the plaintiff. *Const. Party of Pennsylvania v. Cortes,* 824 F.3d 386, 394 (3d Cir. 2016) ("An as applied challenge is a claim that the operation of a statute is unconstitutional in a particular case while a facial challenge indicates that the statute may rarely or never be constitutionally applied.") (cleaned up, citation omitted). That is not what Plaintiffs urge here.

2. <u>Analysis</u>[5]

To be entitled to an action for pre-enforcement judicial review, a person claiming a right to sue must identify a "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, as well as a "legal wrong." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882-83 (1990). Once these two elements are present, then a right of action "first accrues." 28 U.S.C. § 2401. As concerns a challenge to the rulemaking process, "a claim accrues when the plaintiff has a right to assert it in court—and in the case of the APA, that is when the plaintiff is injured by final agency action." *Corner Post, Inc.*, 144 S. Ct. at 2447.

On appeal, Plaintiffs urge that the view now taken by the Supreme Court in *Corner Post, Inc.* is dispositive: that the statute of limitations to challenge a regulation under the APA, no matter the nature of the claim, will not commence running until the entity adversely affected by it comes into existence.

But we do not rule on this basis. The Supreme Court in *Corner Post* did not reach the question of timing when bringing a challenge to an enforcement proceeding, as the petitioner in *Corner Post* was not—and would never be—the target of an enforcement action through which it could challenge the rule at issue.[6] And here, the DOL pursued the

---

[5] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2201(a). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's order granting a motion to dismiss on statute of limitations grounds de novo. See *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000).

[6] "The Board leaves open the possibility that someone could bring an as-applied challenge to a rule when the agency relies on that rule in enforcement proceedings against that person, even if more than six years have passed since the rule's promulgation. . . .

Plaintiffs in enforcement actions before Plaintiffs filed their amended complaint. The DOL urges that Plaintiffs cannot bring their separate challenge to the regulation at all, but must instead assert it as a defense in the enforcement proceedings. This concept is tenuous at best and has been rejected, at least implicitly, by our own precedent in *Department of Public Welfare*[7] and by the Sixth Circuit in *Herr v. United States Forest Service*.[8] We are not prepared to so limit plaintiffs who find themselves in such a predicament. The "injury" clock, i.e. accrual, begins to run anew when the agency seeks to enforce the regulation against plaintiffs.

Having said that, however, because the enforcement proceedings are pending in another court, the District Court *need not necessarily* hear it. "A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 155 (1967).

3. Conclusion

For the reasons above, we conclude that Plaintiffs' suit to challenge the DOL's enforcement action on the basis that the regulation was invalid was timely and we will vacate the District Court's dismissal order and remand to the District Court for further

---

We took this case only to decide how § 2401(a)'s statute of limitations applies to APA claims." 144 S. Ct. at 2450 n.2.

[7] 101 F.3d at 942-44 (addressing the merits of the plaintiff's challenge to enforcement proceedings).

[8] 803 F.3d 809, 822 (6th Cir. 2015) ("Recall that the Forest Service has threatened criminal action against the Herrs. Does anyone really think that the Herrs would not be allowed to challenge the Forest Service's administrative authority to put them in jail for six months or fine them $5,000 based on its interpretation of this statute?").

proceedings consistent with this opinion and the Supreme Court's opinion in *Corner Post*.

PHIPPS, *Circuit Judge*, concurring in part in the judgment and dissenting in part.

In light of the Supreme Court's recent decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 144 S. Ct. 2440 (2024), I see this case differently than the Majority.

As far as outcome, I concur with the Majority Opinion that the claims by Agewell Home Helpers, Inc. are timely under the six-year statute of limitations. *See* 28 U.S.C. § 2401(a). But unlike the Majority Opinion, my reasoning is not based on the timing of the Department of Labor's enforcement action in 2021. Rather, as I see it, the commencement of an enforcement action in this context does not reset the statute of limitations because DOL's filing of a civil suit is not "agency action," much less "final agency action."[1] Nor did DOL's initiation of a civil suit invade a separate legal interest from the one already injured by the promulgation of the 2013 rule, which caused the right of action to first accrue. *Cf. Herr v. U.S. Forest Serv.*, 803 F.3d 809, 820 (6th Cir. 2015) (explaining that the plaintiffs' acquisition of property caused the challenged regulation to injure a different legal interest giving rise to a distinct, timely right of action). Nonetheless, Agewell's claims are timely because although DOL promulgated the relevant rule in 2013, Agewell was not in operation until 2016, and that is the first occasion that it was injured by the rule. With Agewell's initiation of the suit in 2020 being within six years of its first injury, its suit is timely. *See Corner Post*, 144 S. Ct. at 2449–50.

---

[1] *See* 5 U.S.C. §§ 551(13) (defining 'agency action' to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or a failure to act"), 701(b)(2) (incorporating § 551's definition of 'agency action'), 704 (providing for judicial review of "final agency action for which there is no other adequate remedy in a court").

That same reasoning leads me to a different outcome than the Majority Opinion as to the timeliness of the claims brought by Intra-National Home Care, LLC and Americare Home Healthcare Services, LLC.  Those companies have been in operation since at least 2013.  Yet despite being first adversely affected or aggrieved by the rule in 2013, neither filed suit until 2020, outside the six-year limitations period.  And for the reasons above, I do not see the initiation of enforcement proceedings against them in 2021 as the accrual of a new claim sufficient to reset the statute of limitations.

For these reasons, I would vacate and remand the dismissal of Agewell's claims (as the Majority does), but I would affirm the District Court's rejection of the claims Intra-National and Americare as untimely.